UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS - ABILENE DIVISION

| | | |
|---|---|---|
| EMMANUEL AND ROSE JARRELL<br>Plaintiffs, | § | |
| | § | |
| v. | § | Cause No. 1:10-CV-000 32-C |
| | § | |
| I.C. SYSTEM, INC.<br>Defendant. | § | |

**BRIEF IN SUPPORT OF DEFENDANT I.C. SYSTEM, INC.'S MOTION FOR SUMMARY JUDGMENT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant I.C. System, Inc. ("ICS") and files this Brief in Support of its Motion for Summary Judgment and would respectfully show unto the Court as follows:

**I.**

**BACKGROUND**

1. On March 3, 2010, Plaintiffs filed their lawsuit against ICS claiming that it violated several provisions of the Fair Debt Collection Practices Act ("FDCPA") by making continuous calls and threats by allegedly harassing Plaintiffs. *See* Defendant's Appendix ("Def. App.") at 1-3. Pursuant to Rule 36 of the Federal Rules of Civil Procedure, ICS sent Plaintiffs its first set of Requests for Admissions on June 3, 2010. Def. App. at 7-15. According to Rule 36 (a)(3) of the Federal Rules, Plaintiffs had thirty (30) days to respond to these Requests. Fed. R. Civ. P. 36(a)(3). They failed to do so. As a result, ICS now moves for summary judgment on Plaintiffs' claims.

**II.**

**SUMMARY JUDGMENT STANDARD**

2. The purpose of summary judgment is to pierce the pleadings and to assess the proof to

determine whether there is a genuine need for trial. *Matsusheta Elec. Ind. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356 (1986). Additionally, a motion for summary judgment serves to isolate and dispose of factually unsupported claims or defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24, 106 S.Ct. 2548, 2553 (1986). A finding for summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also, Celotex*, 477 U.S. at 372. When a defendant moves for summary judgment, it may either (a) submit summary judgment evidence negating the existence of a material element of the plaintiff's claim, or (b) show there is no evidence to support an essential element of the plaintiff's claim. *Celotex*, 477 U.S. at 322-25. The nonmovant then must introduce evidence establishing that there is a genuine issue of material fact. *Matsushita*, 475 U.S. at 585-86.

## III.

## ARGUMENT AND AUTHORITIES

3. In the present case, Plaintiffs alleged that ICS violated four (4) separate provisions of the FDCPA. First, Plaintiffs claim that ICS § 1692d by engaging in conduct the natural consequence of which was to harass, oppress and abuse Plaintiffs. *See* Def. App. at 3. Plaintiffs allege that ICS violated § 1692d(5) of the FDCPA by causing Plaintiffs' telephone to ring repeatedly and continuously with the intent to annoy, abuse and harass Plaintiffs. *See id.* Plaintiffs further allege that ICS violated § 1692e(5) by threatening to take actions that cannot legally be taken or are not intended to be taken. *See id.* Finally, Plaintiffs claim that ICS violated § 1692e(10) by using deceptive means in an attempt to collect a debt. *Id.*

4. While conducting discovery on these claims, ICS propounded its first Request for

Admissions upon Plaintiffs pursuant to Rule 36 of the Federal Rules of Civil Procedure. Def. App. at 7-15. As explained above, Plaintiffs failed to respond to ICS's Request within the established thirty (30) day period. Under Federal Rule 36(a), a matter in a request for admissions is admitted unless the party to whom the request is directed answers or objects to the matter within 30 days. *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991); *Armour v. Knowles*, 512 F.3d 147, 153-54 (5th Cir. 2007). Thus, Plaintiffs' failure to respond results in deemed admissions to ICS's requests. "Any matter admitted under this rule is conclusively established..." *Armour*, 512 F.3d at 154 n. 13. "A Rule 36 admission is comparable to an admission in pleadings or a stipulation drafted by counsel for use at trial, rather than to an evidentiary admission of a party." *Id.* (citing *Am. Auto. Ass'n v. AAA Legal Clinic*, 930 F.2d 1117, 1120 (5th Cir. 1991)).

5. In its Requests for Admissions, ICS asked Plaintiffs to admit that they had no evidence that any agent, representative, and/or employee of ICS violated 15 U.S.C. §§ 1692d, 1692d(5), 1692e(5), or 1692e(10). Def. App. at 11-12 (Request Nos. 6-9). ICS also requested that Plaintiffs admit that they had no evidence that any ICS employee or representative harassed Plaintiffs. *Id.* at 11 (Request No. 3). ICS further requested that Plaintiff's admit they did not suffer any damages, nor did they attempt to mitigate damages by writing a letter to ICS requesting that it stop contacting them by telephone, did not attempt to negotiate with or pay ICS, Ebay or Paypal, did not dispute the debt with either ICS, Ebay or PayPal, and simply did not send any written communications to ICS prior to filing suit. *Id.* at 10-15 (Request Nos. 1, 4, 5, 12-16, 24-27, 29-32). Finally, ICS requested that Plaintiffs admit that they had no intention of paying their debts and, in fact, filed this lawsuit to avoid paying them. *Id.* at 13 (Request Nos. 19-23). Because Plaintiffs failed to respond, each and every one of ICS's requests is deemed admitted.

6. Based on the above requests being deemed admitted, Plaintiffs' claims should be dismissed at summary judgment. Aside from Plaintiff's other admissions, Request Nos. 6 through 9 are sufficient to grant judgment against Plaintiffs. *See* Def. App. at 11-12. These four Requests trace Plaintiffs' four claims under the FDCPA and now, because they are deemed admitted, they amount to Plaintiffs' concession that they have no evidence that any agent, representative or employee of ICS violated the alleged sections of the statute. *See id.* Because it has now been conclusively established that there is no evidence supporting Plaintiffs' claims, their suit should be dismissed.

## IV.

## CONCLUSION

7. Plaintiffs failed to respond to ICS's Requests for Admissions. According to the Federal Rules of Civil Procedure, each Request is deemed admitted and conclusively establishes the Request. Therefore, Plaintiffs, by operation of law, have admitted that they have no claims under their alleged provisions of the FDCPA. As a result, their case should be dismissed pursuant to ICS's motion for summary judgment.

WHEREFORE, PREMISES CONSIDERED, Defendant ICS prays that the Court Dismiss Plaintiffs' claims and for all other relief to which ICS may show itself justly entitled.

Respectfully submitted,

\s\Robbie Malone
ROBBIE MALONE
State Bar No. 12876450
JACOB C. BOSWELL
State Bar No. 24061269
**ROBBIE MALONE, PLLC**
Northpark Central, Suite 1850
8750 North Central Expressway
Dallas, Texas 75231
(214) 346-2625
(214) 346-2631 FAX
E-mail: rmalone@rmalonelaw.com

*Attorney for Defendant*

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing document has been forwarded via certified mail, return receipt requested on this 29th day of July, 2010 to:

Michael S. Arguss, Esq.
Krohn & Moss, Ltd
10474 Santa Monica Blvd., Ste. 401
Los Angeles, CA 90025

\s\Robbie Malone