UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS - ABILENE DIVISION

| | | |
|---|---|---|
| EMMANUEL AND ROSE JARRELL | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | Cause No. 1:10-CV-000 32-C |
| | § | |
| I.C. SYSTEM, INC. | § | |
|     Defendant. | § | |

## **APPENDIX**

PAGE      DOCUMENT

1-6        Plaintiff's Original Complaint

7-15      Defendant's First Request for Admissions to Emmanuel and Rose Jarrell

# UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF TEXAS, ABILENE DIVISION

| | |
|---|---|
| EMMANUEL AND ROSE JARRELL,<br><br>Plaintiff,<br><br>v.<br><br>IC SYSTEMS, INC.,<br><br>Defendant. | § No.<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

## PLAINTIFFS' COMPLAINT AND DEMAND FOR JURY TRIAL

EMMANUEL AND ROSE JARRELL (Plaintiffs), through their attorneys, KROHN & MOSS, LTD., alleges the following against IC SYSTEMS, INC. (Defendant):

### INTRODUCTION

1. Plaintiffs' Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

2. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

### JURISDICTION AND VENUE

3. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. Defendant conducts business in the State of Texas, and therefore, personal jurisdiction is established.

5. Venue is proper pursuant to *28 U.S.C. 1391(b)(1)*.

6. Declaratory relief is available pursuant to *28 U.S.C. 2201 and 2202*.

PLAINTIFFS' COMPLAINT AND DEMAND FOR JURY TRIAL    1

Def. App. 1

## PARTIES

7. Plaintiff is a natural person residing at 129 Packs Saddle Pass, Abilene, Texas 79602.

8. Plaintiff is a consumer as that term is defined by *15 U.S.C. 1692a(3)*, and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by *15 U.S.C. 1692a(5)*.

9. Defendant is an alleged debt collector as that term is defined by *15 U.S.C. 1692a(6)*, and sought to collect a consumer debt from Plaintiff.

10. Defendant is a national debt collection company with its main office located in St. Paul, Minnesota and it conducts business in Texas.

## FACTUAL ALLEGATIONS

11. Defendant constantly and continuously placed collection calls to Plaintiffs seeking and demanding payment for an alleged consumer debt.

12. Defendant contacted Plaintiffs at telephone number (325) 691-0660.

13. Defendant contacted Plaintiffs from telephone number (202) 367-9287. (See Exhibit "A").

14. Defendant talked to Plaintiff in an abusive and harassing manner.

15. Defendant communicated to a third party, Plaintiff's daughter, that Plaintiffs allegedly owe a debt.

16. Defendant's representatives threatened to contact Plaintiff, ROSE JARRELL'S school, and threatened to have Plaintiff, ROSE JARRELL kicked out of school by calling the school and informing them that she is a criminal.

17. Defendant's representative threatened to send an investigator to talk to Plaintiff's neighbors to tell them they were criminals.

## COUNT I

PLAINTIFFS' COMPLAINT AND DEMAND FOR JURY TRIAL                    2

## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

18. Defendant violated the FDCPA based on the following:

    a. Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequence of which was to harass, oppress, and abuse Plaintiff.

    b. Defendant violated *§1692d(5)* of the FDCPA when Defendant caused Plaintiff's telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff.

    c. Defendant violated *§1692e(5)* of the FDCPA by threatening to take action that cannot legally be taken or is not intended to be taken.

    d. Defendant violated *§1692e(10)* of the FDCPA by using deceptive means in an attempt to collect a debt.

WHEREFORE, Plaintiffs, EMMANUEL AND ROSE JARRELL, respectfully request judgment be entered against Defendant, IC SYSTEMS, INC., for the following:

19. Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act,

20. Statutory damages of $1000.00 pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

21. Actual damages,

22. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*

23. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

Dated: February 2, 2010           By:/s/Michael S. Agruss

PLAINTIFFS' COMPLAINT AND DEMAND FOR JURY TRIAL                         3

Michael S. Agruss, Esq.
Attorneys for Plaintiff
Krohn & Moss, Ltd.
10474 Santa Monica Blvd.
Suite 401
Los Angeles, CA 90025

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiffs, EMMANUEL AND ROSE JARRELL demand a jury trial in this case.

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF TEXAS

Plaintiff, EMMANUEL JARRELL, states the following:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, EMMANUEL JARRELL, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

_2-17-10_
Date

_[signature]_
EMMANUEL JARRELL

## VERIFICATION OF COMPLAINT AND CERTIFICATION

PLAINTIFFS' COMPLAINT AND DEMAND FOR JURY TRIAL                                           5

STATE OF TEXAS

Plaintiff, ROSE JARRELL, states the following:

8. I am the Plaintiff in this civil proceeding.
9. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
10. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
11. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
12. I have filed this Complaint in good faith and solely for the purposes set forth in it.
13. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
14. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, ROSE JARRELL, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

2/17/10
Date

ROSE JARRELL

Robbie Malone
State Bar No. 12876450
Robbie Malone, PLLC
NorthPark Central, Suite 1850
8750 North Central Expressway
Dallas, Texas  75231
214.346.2625 (Direct Dial)
214.346.2631 (Fax)
rmalone@rmalonelaw.com

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | |
|---|---|
| EMMANUEL AND ROSE JARRELL § | |
| Plaintiffs, § | |
| § | |
| v. § | Cause No. 1:10-CV-000 32-C |
| § | |
| I.C. SYSTEM, INC. § | |
| Defendant. § | |

**DEFENDANT'S FIRST REQUESTS FOR ADMISSIONS TO
EMMANUEL AND ROSE JARRELL**

TO:  Plaintiffs Emmanuel and Rose Jarrell, by and through their attorney of record, Michael S. Agruss, Esq. Krohn & Moss, Ltd.,10474 Santa Monica Blvd., Ste. 401, Los Angeles, CA 90025.

Pursuant to the FRCP 36, Defendant I.C. System, Inc., serve the following First Requests for Admissions to Plaintiffs. The following First Requests for Admissions should be answered separately and under oath and served on the undersigned attorney no later than thirty (30) days from the date of service hereof, and should be answered in compliance with Federal Rules of Civil Procedure.

DEFENDANT'S FIRST REQUEST FOR ADMISSIONS TO EMMANUEL AND ROSE JARRELL - Page 1
M:\150.0000 I.C. System, Inc. - General\150.0001 Emmanuel and Rose Jarrell v. I.C. System, Inc\Discovery\1500001P.JarrellRFA.wpd

Def. App. 7

I.

**DEFINITIONS**

As used in the attached discovery the following terms shall have the following meanings:

1.  The word "document" or "documents" shall mean the original of the information recorded in a tangible form including, but not limited to, information printed, typewritten, handwritten, photographed, filed, e-mailed, recorded by electronic means upon a tape or disk or any other means of recording and shall include (but not be limited to): letters; e-mails; memoranda; handwritten notes; agreements; deeds; contracts; promissory notes; books; pamphlets; brochures; newspapers; magazines; periodicals; catalogs; price lists; checks; canceled checks; invoices; sales receipts; charge receipts; personal receipts; bank records; tapes; computer printouts; data cards; programs or other input or output of data processing systems; photographs (positive print or negative); transcripts of interviews or testimony before any person, officer, or body whether sworn or unsworn; written statements or notes of interview or testimony; diaries; calendars; logs; expense records or other financial data; charts; graphs; maps; drawings or other representational depiction; telephone records; telegrams; telefax; phonograph records; magnetic tape, drum, or disk records; motion picture film; microfilm or microfiche. The term "document" or "documents" shall also mean every copy of a document where such copy is not an identical duplicate of the original, and shall include all postscripts, notations, addendums, changes, notations, modifications, alterations or revisions of each document or documents.

2.  The term "correspondence", as used herein, shall include, but shall not be limited to, any letter, e-mail, telegram, telex, telefax, TWX, notice, message, memorandum or other written communication or transcription or notes of a communication.

DEFENDANT'S FIRST REQUESTS FOR ADMISSIONS TO EMMANUEL AND ROSE JARRELL - Page 2
M:\150.0000 I.C. System, Inc. - General\150.0001 Emmanuel and Rose Jarrell v. I.C. System, Inc\Discovery\1500001P.JarrellRFA.wpd

Def. App. 8

3. The term "communication", as used herein, shall mean any written, oral or other transmission of fact, information, ideas or opinion, including, but not limited to, any utterance, notation, questions, command, interjection, expression, gesture, suggestive conduct or statement of any nature whatsoever, any conversation (whether by telephone or otherwise), and any meetings and also including, but not limited to, correspondence, e-mails, financial records, corporate records, reports and documents as defined immediately above.

4. The term "regarding", as used herein, shall mean, in an indirect manner, contain, record, discuss, mention, note, evidence, memorialize, analyze, describe, comment upon, refer to, have any connection with or have any tendency to prove or disprove the matter set forth.

5. The term "relate(s) to" or "relating to", as used herein shall mean, in an indirect manner, contain, record, discuss, mention, note, evidence, memorialize, analyze, describe, comment upon, refer to, have any connection with or have any tendency to prove or disprove the matters set forth.

6. The word "and," and the word "or", as used herein, shall, where the context permits, shall be construed to mean "and/or."

7. The term "date", as used herein, shall mean the exact day, month and year if ascertainable, or, if not, the best approximation (including relationship to other events).

8. The word "person" or "persons" shall include any natural person or any other entity, including but not limited to, firms, corporations, associations, partnerships, joint ventures and trusts, governments, governmental agencies or bodies, or other form of legal or business entity.

DEFENDANT'S FIRST REQUESTS FOR ADMISSIONS TO EMMANUEL AND ROSE JARRELL - Page 3
M:\150.0000 I.C. System, Inc. - General\150.0001 Emmanuel and Rose Jarrell v. I.C. System, Inc\Discovery\150001P.JarrellRFA.wpd

Def. App. 9

9. The term "Plaintiffs" or "you", as used herein, shall mean and refer to **Plaintiffs Emmanuel and Rose Jarrell**, and shall include any and all of Plaintiff's attorneys, officers, directors, employees and authorized agents and representatives.

10. The term "Defendant", as used herein, shall mean and refer to **Defendant I.C. Systems, Inc.** and shall include any and all of its attorneys, officers, directors, employees and authorized agents and representatives.

11. The term "Complaint," as used herein, shall mean the Plaintiffs' Complaint, and any amendments thereto, filed in this action by Plaintiffs.

12. Wherever appropriate, the singular form of a word shall be interpreted as including the plural, and the masculine form of a word shall be interpreted as including the feminine.

13. The term "Account" means the debt which Plaintiffs allege that Defendant attempted to collect and to which Plaintiffs refers in Plaintiffs' Complaint and any amendments thereto, filed in this action by Plaintiffs.

14. The term "debt" as used herein, shall mean the debt which Plaintiffs allege that Defendant attempted to collect and to which Plaintiffs refer in Plaintiffs' Complaint and any amendments thereto, filed in this action by Plaintiffs.

## II.
## FIRST REQUEST FOR ADMISSIONS

**REQUEST FOR ADMISSION NO. 1:** Admit that you have no documented evidence of damages related to stress and/or mental anguish due to Defendant I.C. Systems, Inc.'s collection efforts.

**RESPONSE:**

DEFENDANT'S FIRST REQUESTS FOR ADMISSIONS TO EMMANUEL AND ROSE JARRELL - Page 4
M:\150.0000 I.C. System, Inc. - General\150.0001 Emmanuel and Rose Jarrell v. I.C. System, Inc\Discovery\1500001P.JarrellRFA.wpd

Def. App. 10

**REQUEST FOR ADMISSION NO. 2:** Admit that you have not sought medical or psychiatric care or treatment as a result of symptoms of the stress and/or mental anguish.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 3:** Admit you have no documented evidence that any agent, representative, and/or employee of Defendant I.C. Systems, Inc. harassed Plaintiffs.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 4:** Admit you have suffered no actual damage as the result of any act or omission committed by Defendant I.C. Systems, Inc.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 5:** Admit that you never wrote a letter to Defendant I.C. Systems, Inc. requesting that Defendant stop contacting you by telephone.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 6:** Admit you have no documented evidence that any agent, representative, and/or employee of Defendant I.C. Systems, Inc. violated 15 U.S.C. 1692d.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 7:** Admit you have no evidence that any agent, representative, and/or employee of Defendant violated 15 U.S.C. 1692d(5).

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 8:** Admit you have no evidence that any agent, representative, and/or employee of Defendant violated 15 U.S.C. 1692e(5).

**RESPONSE:**

DEFENDANT'S FIRST REQUESTS FOR ADMISSIONS TO EMMANUEL AND ROSE JARRELL - Page 5
M:\150.0000 I.C. System, Inc. - General\150.0001 Emmanuel and Rose Jarrell v. I.C. System, Inc\Discovery\150001P.JarrellRFA.wpd

Def. App. 11

**REQUEST FOR ADMISSION NO. 9:** Admit you have no evidence that any agent, representative, and/or employee of Defendant violated 15 U.S.C. 1692e(10).

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 10:** Admit you accepted terms and agreements to use Paypal Account #179149319153 69063.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 11:** Admit you accepted terms and agreements to use Ebay Account #743820388.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 12:** Admit that you did not attempt to negotiate with Defendant to pay the debt.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 13:** Admit that you did not attempt to pay Defendant for the debt.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 14:** Admit that you avoided speaking to Defendant.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 15:** Admit that you avoided Defendant's phone calls.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 16:** Admit that you avoided Defendant's attempts to collect the debts.

DEFENDANT'S FIRST REQUESTS FOR ADMISSIONS TO EMMANUEL AND ROSE JARRELL - Page 6
M:\150.0000 I.C. System, Inc. - General\150.0001 Emmanuel and Rose Jarrell v. I.C. System, Inc\Discovery\150001P.JarrellRFA.wpd

Def. App. 12

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 17:** Admit that you were aware was attempting to collect on two charges from Ebay.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 18:** Admit that you were aware was attempting to collect on a different account for Paypal.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 19:** Admit that you had no intention of paying your debt owed to Paypal.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 20:** Admit that you had no intention of paying your debts owed to Ebay.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 21:** Admit that you filed this lawsuit to avoid paying your debts.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 22:** Admit that you filed this lawsuit to avoid paying your debt to Ebay.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 23:** Admit that you filed this lawsuit to avoid paying your debt to Paypal.

**RESPONSE:**

DEFENDANT'S FIRST REQUESTS FOR ADMISSIONS TO EMMANUEL AND ROSE JARRELL - Page 7
M:\150.0000 I.C. System, Inc. - General\150.0001 Emmanuel and Rose Jarrell v. I.C. System, Inc\Discovery\1500001P.JarrellRFA.wpd

Def. App. 13

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 17:** Admit that you were aware was attempting to collect on two charges from Ebay.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 18:** Admit that you were aware was attempting to collect on a different account for Paypal.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 19:** Admit that you had no intention of paying your debt owed to Paypal.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 20:** Admit that you had no intention of paying your debts owed to Ebay.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 21:** Admit that you filed this lawsuit to avoid paying your debts.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 22:** Admit that you filed this lawsuit to avoid paying your debt to Ebay.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 23:** Admit that you filed this lawsuit to avoid paying your debt to Paypal.

**RESPONSE:**

DEFENDANT'S FIRST REQUESTS FOR ADMISSIONS TO EMMANUEL AND ROSE JARRELL - Page 7
M:\150.0000 I.C. System, Inc. - General\150.0001 Emmanuel and Rose Jarrell v. I.C. System, Inc\Discovery\1500001P.JarrellRFA.wpd

Def. App. 13

**REQUEST FOR ADMISSION NO. 24**: Admit that you did not dispute your debt with Ebay in writing within the prescribed 30 day period.

**RESPONSE**:


**REQUEST FOR ADMISSION NO. 25**: Admit that you did not dispute your debt with Paypal in writing within the prescribed 30 day period.

**RESPONSE**:


**REQUEST FOR ADMISSION NO. 26**: Admit that you did not dispute your debt with I.C. Systems, Inc. in writing within the prescribed 30 day period.

**RESPONSE**:


**REQUEST FOR ADMISSION NO. 27**: Admit that you did not send any written communications to I.C. Systems, Inc. prior to filing this lawsuit.

**RESPONSE**:


**REQUEST FOR ADMISSION NO. 28**: Admit that you were aware was attempting to collect on two charges from Ebay.

**RESPONSE**:


**REQUEST FOR ADMISSION NO. 29**: Admit that you did not having a pending settlement arrangement with Ebay.

**RESPONSE**:


**REQUEST FOR ADMISSION NO. 30**: Admit that you did not having a pending settlement arrangement with Paypal.

**RESPONSE**:


**REQUEST FOR ADMISSION NO. 31**: Admit that you were not negotiating settlement arrangements with Ebay.

DEFENDANT'S FIRST REQUESTS FOR ADMISSIONS TO EMMANUEL AND ROSE JARRELL - Page 8
M:\150.0000 I.C. System, Inc. - General\150.0001 Emmanuel and Rose Jarrell v. I.C. System, Inc\Discovery\1500001P.JarrellRFA.wpd

Def. App. 14

Def. App. 15

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 32:** Admit that you were not negotiating settlement arrangements with Paypal.

**RESPONSE:**

        Respectfully submitted,

        **ROBBIE MALONE, PLLC**

        */s/ Robbie Malone*
        ROBBIE MALONE
        State Bar No. 12876450
        Northpark Central, Suite 1850
        8750 North Central Expressway
        Dallas, Texas 75231
        (214) 346-2625
        (214) 346-2631 FAX
        E-mail: rmalone@rmalonelaw.com

        ATTORNEY FOR DEFENDANT

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been forwarded via certified mail, return receipt requested on this 3rd day of June, 2010 to:

*CM/RRR*
Michael S. Agruss, Esq.
Krohn & Moss, Ltd.
10474 Santa Monica Blvd., Ste. 401
Los Angeles, CA 90025

        */s/ Robbie Malone*
        ROBBIE MALONE