UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS - ABILENE DIVISION

| | | |
|---|---|---|
| EMMANUEL AND ROSE JARRELL | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | Cause No. 1:10-CV-000 32-C |
| | § | |
| I.C. SYSTEM, INC. | § | |
|     Defendant. | § | |

## MOTION TO DISMISS WITH PREJUDICE AND FOR SANCTIONS

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW**, Defendant, I.C. System, Inc. and files the following Motion to Dismiss with Prejudice and for Sanctions against Plaintiffs' Emmanuel and Rose Jarrell:

**I.**

1.  On August 27, 2010, Defendant I.C. System and Pro Se Plaintiff Jarrell[1] entered into an agreement settling the case in its entirety. See Def. App. p. 0011-0020. Pursuant to the Agreement, I.C. System forwarded to Plaintiffs a check satisfying the Agreement. See Def. App. p. 0010. Plaintiffs were to file a Motion to Dismiss in this cause within three (3) days. On February 10, 2011 the Court issued an Order covering this matter. Defendant realized that Plaintiffs had not filed the required Motion to Dismiss.

2.  On February 11, 2011, Defendant's counsel sent a letter and Motion to Dismiss to Plaintiffs asking them to file the Motion with the Court. Instead of doing as Plaintiffs had previously promised, Mr. Emmanuel Jarrell began a pattern of conduct that can be described as only blackmail. Jarrell refused to sign the dismissal unless Defendant paid him an additional $1,000. (See Def. App.

---

[1] Plaintiff's prior counsel withdrew as counsel of record.

**MOTION TO DISMISS AND FOR SANCTIONS** - Page 1
M:\150.0000 I.C. System, Inc. - General\150.0001 Emmanuel and Rose Jarrell v. I.C. System, Inc\Pleadings\1500001P. Motion to Dismiss and for Sanctions.wpd

p. 0009). February 14, 2011 Defendant's counsel sent copies of the agreement and check to the Jarrells again requesting they sign the dismissal document.

3. Mr. Jarrell continued to attempt to extort money from Defendant. (See Def. App. p. 0027-0030) Defendant's counsel called Mr. Jarrell and he agreed to file the Motion on February 15, 2011 verbally. He asked that the Motion be revised, which Defendant did. Then resorted to blackmail again. When Defendant refused to succumb to his tactics, Jarrell now claims he will not sign the dismissal without legal counsel. (See Def. App. p. 0027).

## II.

## ARGUMENT AND AUTHORITIES

4. The Plaintiff has released all claims in the settlement agreement. He has received the funds as promised in the agreement. Despite his refusal to sign the dismissal, the case has been resolved. There are no remaining claims to the original suit that have not been released. Accordingly, Defendant moves to have the Court dismiss the case with prejudice.

5. Further, Defendant asks the Court to award it attorney fees under two theories. Pursuant to the Agreement, any party seeking to enforce the Agreement is entitled to attorney fees. Additionally, Plaintiffs' actions violate Rule 11. He has failed to honor the written agreement of the parties.

**WHEREFORE, PREMISES CONSIDERED,** the Defendant request this Court to sign the Order dismissing the above-entitled and numbered cause with prejudice, and to award sanctions against Plaintiff for failing to honor the written agreement.

Respectfully submitted,

\s\Robbie Malone
State Bar No. 12876450
JACOB C. BOSWELL
State Bar No. 24061269
Northpark Central, Suite 1850
8750 N. Central Expressway
Dallas, Texas 75231
(214) 346-2630
(214) 346-2631 (Facsimile)
E-mail: rmalone@rmalonelaw.com

*Attorney for Defendant*

## CERTIFICATE OF CONFERENCE

Defendant has exchanged emails with Plaintiff and spoke to him by phone. Plaintiff would not resolve the issue.

\s\Robbie Malone

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been forwarded via ECF requested on this 17th day of February, 2011 to:

Robbie Malone
Robbie Malone, PLLC
8750 N. Central Expressway, Ste. 1850
Dallas, Texas 75231

\s\Robbie Malone